IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CORY ANTOINE MAHATHA,     )
                          )
        Plaintiff,         )
                          )
    v.                    )    1:18CV698
                          )
TIMOTHY GEORGE GOULD, et al.,  )
                          )
        Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Plaintiff fails to state any proper claim for relief at this time. Most of his claims seeks to challenge his criminal convictions or call them into question. Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). He also seeks damages from persons generally immune from damages, such as state court prosecutors, grand jurors, and a clerk of court. He additionally names as a defendant a former defense attorney, but defense attorneys cannot be sued under § 1983 because they are not state actors. Regarding one defendant, Deputy P.K. Schmeltzer, Plaintiff alleges that he seized a car without probable cause. However, Plaintiff also alleges that the car belonged to a friend. Plaintiff cannot raise claims based on an allegedly illegal seizure of the property of another person, but must raise only his own claims. Plaintiff does allege that the seizure "caused" him to pay $4,000 in impound fees, but it is not clear from the Complaint whether any of the Defendants actually charged Plaintiff these fees or whether Plaintiff voluntarily paid them in order to

release his friend's car and avoid trouble with his friend. Regarding another Defendant, Deputy B.C. Benfield, Plaintiff alleges that he charged Plaintiff with common law robbery despite a lack of probable cause. However, Plaintiff's relation of the surrounding facts is incomplete and confusing. He also fails to allege the outcome of those charges in his favor. Finally, as to the Clerk of Court, Plaintiff names that position as a Defendant, but fails to provide a name. He also alleges that the Clerk of Court failed to provide him copies and provide him with discovery materials. Providing discovery is a duty of the parties, not court personnel. As for copies, it is not clear that Plaintiff had any federal constitutional right to such copies. He must allege the violation of a federal right to state a claim under § 1983. Plaintiff further fails to allege any personal involvement on the part of the Clerk of Court, as opposed to staff in the Clerk's Office, who are not named in the lawsuit. There is no supervisory liability under § 1983. Finally, Plaintiff does not allege any harm from the alleged lack of copies.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 16th day of August, 2018.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge